**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UMBRA, LLC**
**1705 BROADWAY STREET**                    **AMENDED COMPLAINT**
**BUFFALO, NEW YORK 14212**

                     **Plaintiff,**          **JURY TRIAL DEMANDED**

   **v.**
                                  **Civil Action No.  13-cv-00421**

**APPLIANCE PARTS STOP**
**(a/k/a APPLIANCE PARTS MASTERS)**
**(a/k/a MASTERS APPLIANCE PARTS)**
**(a/k/a UNIVERSAL APPLIANCE PARTS)**
**(d/b/a PRICELESSSUPPLY on Amazon.com)**
**16141 NORDHOFF STREET**
**NORTH HILLS, CALIFORNIA 91343**

                     **Defendant.**
_____

Plaintiff Umbra, LLC ("UMBRA"), for its Amended Complaint against Defendant Appliance Parts Stop (a/k/a Appliance Parts Masters and Masters Appliance Parts) (d/b/a PriceleSSSupply on Amazon.com) (collectively "APS"), alleges:

## NATURE OF THIS ACTION

1.      UMBRA seeks injunctive relief and damages against APS for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 _et seq._, including 35 U.S.C. §§ 271, 281, 283, 284 and 289.

2.      UMBRA seeks injunctive relief and damages against APS for trademark infringement arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 _et seq._, including 15 U.S.C. §§ 1114, 1116, 1117, 1118, 1124 and 1125.

## THE PARTIES

3.     UMBRA is a New York limited liability company having its principal place of business at the address set forth in the caption above.

4.     UMBRA is a worldwide leader in the design and manufacture of original, casual, contemporary, affordable product designs for every room in the home.  Founded in 1979, the company's products are available on-line and at over 25,000 retailers in more than 75 countries.

5.     Upon information and belief, APS is a California corporation having its principal place of business at the address set forth in the caption above.

6.     Upon information and belief, APS has manufactured and/or imported for sale in the United States a hanging dress shaped storage device of the kind described in this Amended Complaint.

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction pursuant to Title 15, United States Code § 1121(a) and Title 28, United States Code §§ 1331 and 1338(a).

8.     The Court has personal jurisdiction over APS because of APS's contacts with this forum including, at least, regularly and intentionally doing, transacting and soliciting business; contracting to supply goods; advertising and marketing infringing goods; deriving substantial revenues from the sale of goods; knowing or expecting its actions to have consequences in this jurisdiction; and deriving substantial revenue from interstate and/or international commerce through online sales to customers and otherwise.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## UMBRA AND ITS INTELLECTUAL PROPERTY

10.     Over a period of 30 years, UMBRA has developed and maintained, at considerable expense, in the United States and worldwide, valuable patents and trade dress, valuable trade names, a reputation for excellence, and valued relationships with retailers and customers.

11.     To develop and maintain these assets and associated good will, and to protect its innovative designs, UMBRA has invested substantial amounts of money, time and other resources.

12.     In particular, on or about October 20, 2011, UMBRA filed a design patent application in the United States Patent and Trademark Office claiming the ornamental design for a dress-shaped organizer.  The patent issued as United States Design Patent No. D657,172 (the '172 Patent) on April 10, 2012.

13.     A true and correct copy of the '172 Patent is annexed as Exhibit 1.

14.     UMBRA owns the '172 Patent and, as such, has the right to sue and recover for past, present and future infringement of the '172 Patent and to obtain the relief claimed in this Amended Complaint.

15.     Since at least as early as March 29, 2011, UMBRA has used the trademark LITTLE BLACK DRESS in association with non-metal fabric hanging organizers.

16.     An application to register the trademark LITTLE BLACK DRESS was filed under 15 U.S.C. § 1051(a) on March 29, 2013 and is currently pending before the United States Patent and Trademark Office as United States Trademark Application Serial No. 85/890,762 (the '762 Application).

17.     A true and correct copy of the '762 Application for registration as filed is annexed as Exhibit 2.

18.     UMBRA owns the trademark LITTLE BLACK DRESS and the related '762 Application, and continues to use the trademark LITTLE BLACK DRESS in association with non-metal fabric hanging organizers.

19.     In the course of business, UMBRA has prominently displayed the trademark LITTLE BLACK DRESS on various types of packaging materials used with its non-metal fabric hanging organizers throughout the United States.  UMBRA has also prominently displayed the trademark LITTLE BLACK DRESS on various types of advertising and promotional materials throughout the United States.

20.     UMBRA has invested substantial sums in marketing and advertising its products sold under the LITTLE BLACK DRESS trademark.

21.     In view of the sales of its goods and the prominent display and investment in marketing and advertising, UMBRA has built significant goodwill in the trademark LITTLE BLACK DRESS

22.     In view of the sales of its goods and the prominent display and investment in marketing and advertising, UMBRA' trademark LITTLE BLACK DRESS has acquired distinctiveness in the marketplace.

## FACTS COMMON TO ALL CLAIMS

23.     UMBRA has advertised, offered for sale and sold throughout the United States and elsewhere a dress-shaped organizer commonly known as and marketed as LITTLE BLACK DRESS hanging jewelry organizer and covered by the '172 Patent.

24.     Upon information and belief, without UMBRA's authorization, APS makes, advertises, offers for sale, distributes and sells a knock-off copy of UMBRA's LITTLE BLACK DRESS dress-shaped organizer (the "Infringing Product") throughout the United States.

25.     The Infringing Product is marketed and sold under the brand AS SEEN ON TV IN SOME COUNTRIES.

26.     The Infringing Product is prominently advertised as having a distinctive dress shape and including a plurality of transparent pockets and hook & loop tabs.   In particular, the advertising copy includes the following, "smart and stylish little black dress jewelry organizer", while the packaging prominently displays "Little Black Dress Hanging Jewelry Organizer".

27.     True and correct images of the Infringing Product's packaging are included below.





28.     On or about January 9, 2013, UMBRA wrote to APS through the Amazon.com contact vendor interface ("Umbra January 2013 Letter"), advising that UMBRA owned the '172 Patent, and requesting that APS cease and desist using the ornamental design embodied in the Infringing Product by APS' sale of the Infringing Product on Amazon.com.

29.     A true and correct copy of the Umbra January 2013 Letter is annexed as Exhibit 3.

30.     A true and correct copy of the Amazon.com product listing is annexed as Exhibit 4.

31.     On or about February 4, 2013, UMBRA wrote to APS through the Amazon.com contact vendor interface ("Umbra February 2013 Letter"), again advising that UMBRA owned the '172 Patent, further informing APS that UMBRA enjoys rights to the trademark LITTLE BLACK DRESS used in association with hanging organizers, and again requesting that APS cease and desist using UMBRA's trademark and the ornamental design embodied in the Infringing Product by APS' sale of the Infringing Product on Amazon.com.

32.     A true and correct copy of the Umbra February 2013 Letter is annexed as Exhibit 5.

33.     On or about March 20, 2013, UMBRA wrote to APS through the Amazon.com contact vendor interface ("Umbra March 2013 Letter I"), again advising that UMBRA owned the '172 Patent, again informing APS that UMBRA enjoys rights to the trademark LITTLE BLACK DRESS used in association with hanging organizers, and again requesting that APS cease and desist using UMBRA's trademark and the ornamental design embodied in the Infringing Product by APS' sale of the Infringing Product on Amazon.com.

34.     A true and correct copy of the Umbra March 2013 Letter I is annexed as Exhibit 6.

35.     True and correct copies of the Amazon.com product listings are annexed as Exhibit 7a and 7b.

36.     On or about March 26, 2013, UMBRA wrote to APS via United States Postal Service Express Mail Delivery ("Umbra March 2013 Letter II"), again advising that UMBRA owned the '172 Patent, again informing APS that UMBRA enjoys rights to the trademark LITTLE BLACK DRESS used in association with hanging organizers, and again requesting that APS cease and desist using UMBRA's trademark and the ornamental design embodied in the Infringing Product by APS' sale of the Infringing Product on Amazon.com.

37.     A true and correct copy of the Umbra March 2013 Letter II is annexed as Exhibit 8.

38.     As of the filing of this Amended Complaint, APS has made no attempt to contact UMBRA directly or through counsel.

39.     Upon information and belief, APS knowingly sold and continues to sell the Infringing Product as a simulation of UMBRA's ornamental design embodied in the '172 Patent and has not discontinued use of UMBRA's trademark LITTLE BLACK DRESS in association with non-metal fabric hanging organizers.

## FIRST CAUSE OF ACTION

## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271

40.     UMBRA re-alleges Paragraphs 1-39 as if fully set forth herein.

41.     Upon information and belief, APS has infringed and continues to infringe the '172 Patent within the meaning of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, promoting and importing the Infringing Product, in this District and elsewhere in the United States without UMBRA's authorization.

42.     Upon information and belief, APS has also contributed to the infringement of the '172 Patent, and/or actively induced others to infringe the '172 Patent, in this District and elsewhere in the United States.

43.     APS is engaged in activity directed toward the infringement, and/or inducing the infringement and/or contributing to the infringement of the '172 Patent because the Infringing Product is substantially the same in the eye of an ordinary observer, giving such attention as a purchaser usually gives, as the visual appearance as a whole of the dress-shaped organizer design in the '172 Patent, and the Infringing Product copies particular design features shown in the '172 Patent that depart conspicuously from the prior art, and therefore the Infringing Product is naturally more likely to be regarded as deceptively similar to the claimed design and thus infringing.

44.     The portions of the design shown in the '172 Patent which depart conspicuously from the prior art include but are not limited to: a hanging organizer having a distinctive dress shape and comprising a plurality of transparent pockets and straps.

45.     APS has copied the portions of the design shown in the '172 Patent which depart conspicuously from the prior art thereby making the Infringing Product deceptively similar to the design claimed in the '172 Patent.

46.     The chart below demonstrates APS's infringement by comparing the Infringing Product to the figures from the '172 Patent.

|  | The '172 Patent | The Infringing Product |
|---|---|---|
| Figure 1 | <br>Fig. 1 |  |
| Figure 2 | <br>Fig. 2 |  |

| | | |
|---|---|---|
| Figure 3 |  |  |
| Figure 4 |  |  |
| Figure 5 |  |  |

| | | |
|---|---|---|
| Figure 6 |  | |

47.    The overall ornamental design depicted in the '172 Patent is substantially different than the designs found in the prior art, and therefore any small differences between the Infringing Product and the design depicted in the '172 Patent are considered unimportant to the eye of the ordinary observer.

48.    APS has had actual knowledge of the '172 Patent since at least as early as January 9, 2013.

49.    Upon information and belief, APS's infringement of the '172 Patent has been willful and deliberate entitling UMBRA to increased damages under 35 U.S.C. § 284, to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 and to APS's total profits from the sale of the Infringing Product under 35 U.S.C. § 289.

50.    UMBRA is entitled to recover from APS the damages sustained by UMBRA resulting from APS's wrongful acts in an amount subject to proof at trial.

51.    APS's infringement of UMBRA's exclusive rights under the '172 Patent will continue to damage UMBRA's business, causing irreparable harm for which there is no adequate remedy at law unless it is enjoined by this Court.

## SECOND CAUSE OF ACTION

## USE OF FALSE DESIGNATIONS OF ORIGIN
## AND FALSE REPRESENTATIONS IN COMMERCE

52.    UMBRA re-alleges Paragraphs 1-51 as if fully set forth herein.

53.    This Count arises under 15 U.S.C. § 1125(a).

54.    APS' use of the mark LITTLE BLACK DRESS in connection with the sale of the Infringing Product is likely to cause confusion with UMBRA's LITTLE BLACK DRESS trademark or cause mistake or to deceive consumers.

55.    APS' use of the mark LITTLE BLACK DRESS in connection with the sale of the Infringing Product is likely to cause confusion with UMBRA's LITTLE BLACK DRESS trademark or to cause mistake or to deceive consumers as to the origin, sponsorship, or approval of APS' goods.

56.    APS' acts as aforesaid constitute infringement of UMBRA's rights under federal unfair competition law and constitute the use of false designations of origin and false representations in commerce in violation of the Federal Trademark Act, 15 U.S.C. § 1125(a).

57.    APS' violations are willful.

58.    APS' actions have caused UMBRA irreparable harm for which there is no adequate remedy at law.

59.    As a direct and proximate result of APS' false designation of origin and false representations, UMBRA has and continues to suffer damages in an amount that is not presently ascertainable but will be established at trial.

## THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK/UNFAIR COMPETITION

60.    UMBRA re-alleges Paragraphs 1-59 as if fully set forth herein.

61.    As a result of UMBRA's use, sales, advertising and promoting of its trademark, its trademark is distinctive to UMBRA and its products.

62.    Upon information and belief, APS is intentionally attempting to confuse consumers by using the mark LITTLE BLACK DRESS which is identical and thereby confusingly similar to UMBRA's LITTLE BLACK DRESS trademark.

63.    APS' use of the mark LITTLE BLACK DRESS is likely to cause confusion, mistake or deception as to the affiliation, connection or association of APS with UMBRA or as to the organization, sponsorship, or approval of the infringing products by UMBRA.

64.    APS' use of the LITTLE BLACK DRESS trademark has been and continues to be unauthorized.

65.    APS' acts as aforesaid constitute common law trademark infringement.

66.    APS' acts as aforesaid constitute unfair competition.

67.    APS' acts were and continue to be willful and in bad faith.

68.    These acts by APS have damaged UMBRA and will continue to cause UMBRA to suffer irreparable harm unless injunctive relief is granted.

69.    UMBRA is entitled to an award of damages, recovery of APS' profits, and UMBRA's attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION

70.    UMBRA re-alleges Paragraphs 1-69 as if fully set forth herein.

71.    This count originates under 15 U.S.C. § 1125(c).

72.    Upon information and belief, after UMBRA's adoption of the trademark LITTLE BLACK DRESS, and after the trademark had become widely-known and famous for use in

association with non-metal fabric hanging organizers, APS began using the mark LITTLE BLACK DRESS to advertise, market and promote the Infringing Product.

73.     Upon information and belief, APS is intentionally attempting to confuse consumers by using the mark LITTLE BLACK DRESS which is identical and thereby confusingly similar to UMBRA's LITTLE BLACK DRESS trademark.

74.     True and correct copies of the Infringing Product's packaging are included in Paragraph 27 above.

75.     APS' use of the mark LITTLE BLACK DRESS blurs the distinctiveness of UMBRA's trademark and/or tarnishes or disparages UMBRA's trademark.

76.     Upon information and belief, APS has diluted UMBRA's trademark.

77.     UMBRA has suffered damage and will suffer irreparable harm if injunctive relief is not granted.

78.     Upon information and belief, APS willfully intended to trade upon UMBRA's reputation and/or to cause dilution of UMBRA's trademark, entitling UMBRA to recovery of the APS' profits, damages sustained by UMBRA, the costs of the action, and exemplary damages under 15 U.S.C. § 1117(a).   This is an exceptional case, and UMBRA should be awarded attorneys' fees incurred in connection with this action.

## **REQUEST FOR RELIEF**

**WHEREFORE**, UMBRA respectfully requests that this Court enter a judgment and appropriate orders in favor of UMBRA and against APS, its officers, agents, employees, and attorneys, and on all persons, partnerships, or corporations in active concert or participation with APS, or any other person, partnership, or corporation acting on behalf of APS, for the following relief:

A.      A declaration that the '172 Patent is not invalid;

B.      A judgment that APS has infringed, continues to infringe, contributed to infringement of and/or actively induced others to infringe the '172 Patent and the trademark LITTLE BLACK DRESS;

C.      A judgment that APS' acts indicate willful infringement and a refusal to change its course of action despite its knowledge of the '172 Patent and the trademark LITTLE BLACK DRESS;

D.      A permanent injunction pursuant to 35 U.S.C. § 283, enjoining and restraining further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claim of the '172 Patent;

E.      A preliminary and permanent injunction preventing: any use in any way of the trademark LITTLE BLACK DRESS, or any mark or design element confusingly similar thereto, in association with non-metal fabric hanging organizers;

F.      A judgment requiring APS to account for and pay over to UMBRA all gains, profits, and advances derived by them from the activities complained of;

G.      A judgment requiring APS to pay to UMBRA an amount equal to all actual damages suffered by UMBRA from the activities complained of;

H.      For infringement of the '172 Patent, a judgment requiring APS to pay to UMBRA an amount equal to its total profits pursuant to 35 U.S.C. § 289;

I.      An award of costs of this action, including discovery costs, and reasonable attorney fees and interest on the final judgment according to 28 U.S.C. § 1961(a) and 35 U.S.C. § 285;

J.      For willful and wanton conduct, a judgment requiring APS to pay to UMBRA an amount such that total damages awarded are equal to three (3) times the award of actual damages and profits otherwise awarded for the activities complained of pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117;

K.      For bad faith knowing and willful intent to create customer confusion, an order requiring APS to pay to UMBRA an amount equal to APS' total profits, damages sustained by UMBRA, the cost of the action, exemplary damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a);

L.      For willful intent to trade upon UMBRA's reputation and/or to cause dilution of UMBRA's trademark, an order requiring APS to pay to UMBRA an amount equal to APS' total profits, damages sustained by UMBRA, the cost of the action, exemplary damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

M.      Such other and further relief this Court deems just and proper under the circumstances.


Dated:    Buffalo, New York
          April 29, 2013


                              By:    /s/ Randolph C. Oppenheimer
                              DAMON MOREY LLP
                              Randolph C. Oppenheimer, Esq.
                              *Lead Counsel for Plaintiff*
                              Avant Building, Suite 1200
                              200 Delaware Avenue
                              Buffalo, New York 14202-2150
                              Phone: (716) 856-5500
                              Fax: (716) 856-5510
                              E-Mail:  roppenheimer@damonmorey.com

                              and

By:     /Robert C. Atkinson_____
        SIMPSON & SIMPSON, PLLC
        Robert C. Atkinson, Esq.
        *Co-Counsel for Plaintiff*
        5555 Main Street
        Williamsville, New York 14221
        Phone: (716) 626-1564
        Fax: (716) 626-0366
        E-Mail:  ratkinson@idealawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2013, I filed the foregoing Amended Complaint with Exhibits

1-8, with the Clerk of the United States District Court for the Western District of New York

using the CM/ECF system and that no other counsel have appeared in this action.


       /s/ Randolph C. Oppenheimer
      Randolph C. Oppenheimer

Doc #1806131.1